# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      CASE NO:  8:11-CV-176-T-30MAP
                                                    8:12-CV-575-T-30TBM
SHIRE REGENERATIVE MEDICINE, INC.,        8:14-CV-969-T-30TBM
                                                      8:14-CV-1055-T-30AAS
    Defendant.                                  8:16-CV-268-T-30TBM
_____/            8:16-CV-303-T-30TBM

## ORDER

THIS CAUSE comes before the Court upon Relator Heather G. Webb's Motion to Reconsider (Dkt. 141) and the Responses filed in Opposition (Dkts. 143, 144). Upon review of the motion, responses, and being otherwise advised in the premises, the Court denies the motion.

## DISCUSSION

On November 20, 2017, the Court entered an Order that allocated the federal component of the Shire settlement among the six related qui tam cases (Dkt. 136) (hereinafter referred to as the "Order"). Relator Heather G. Webb moves the Court for reconsideration, arguing that the Order violates: (1) Due Process; (2) her right to a jury trial; and the Parol Evidence Rule (Dkt. 141). Webb's motion does not establish any appropriate basis for the Court to grant reconsideration of the Order. It also fails on the merits.

## I.    Standard for Motions for Reconsideration

Motions for reconsideration are permitted when there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or

manifest injustice. *See Tristar Lodging, Inc. v. Arch Speciality Ins. Co.,* 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) *aff'd sub nom. by Tristar Lodging, Inc. v. Arch Specialty Ins. Co.,* 215 Fed. App'x. 879 (11th Cir. 2007). A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (internal quotation marks omitted). A motion for reconsideration cannot be used to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment. *See Parker v. Midland Credit Mgmt., Inc.,* 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012); *see also Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007). "The decision to alter or amend a judgment is an 'extraordinary remedy.'" *Tristar Lodging, Inc.,* 434 F. Supp. 2d at 1301.

Webb's motion seeks to re-litigate the issues and raises arguments that could have been raised in her previous briefs. To be clear, Webb filed at least seven different briefs in this matter. She does not get an eighth bite of the apple. Accordingly, her motion is denied because she does not establish that reconsideration is appropriate here.

## II. The Merits

Webb's motion is also denied on the merits, which the Court now briefly addresses. The motion fails to reference any legal authority explaining why her interest in receiving a relator's share under the False Claims Act rises to the level of a constitutionally-protected property interest. In addition, even if she had met her initial burden of establishing such a property interest, she offers no explanation for why the Fifth Amendment due process clause would require discovery and an evidentiary hearing. Notably, the False Claims Act provides no such "hearing" on the issue of a relator's share.

Her argument about being entitled to a jury trial is similarly deficient. The Court is unaware of any court holding that a relator has a right to a jury trial on "damages" after the Government settles the qui tam case with the defendant. And Webb signed the settlement agreement and explicitly agreed that the settlement was fair, adequate, and reasonable.

Finally, Webb's "Parol Evidence" argument has no application here.

Accordingly, it is hereby **ORDERED and ADJUDGED** that Relator Heather G. Webb's Motion to Reconsider (Dkt. 141) is denied.

**DONE** and **ORDERED** in Tampa, Florida on January 5, 2018.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record