UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
ex rel. BRIAN VINCA and
JENNIFER STAUP SWEENEY            Case No. 8:11-CV-176-T30MAP

    Plaintiffs

v.

ADVANCED BIOHEALING, INC.

    Defendant.
_____/

**FORMER VINCA COUNSEL'S AMENDED[1] MOTION TO DISQUALIFY NOEL MCDONELL, BRYEN HILL, AND THE MACFARLANE FERGUSON FIRM FROM PARTICIPATING IN THE CHARGING LIEN LITIGATION AND TO BAR USE OF BARRY A. COHEN, P.A. EMAILS OBTAINED WITHOUT AUTHORIZATION AND PROVIDED TO THE FLORIDA BAR**

Former Vinca Counsel, by and through undersigned counsel, move pursuant to Local Rule 3.01 and Florida law (1) to disqualify Noel McDonell, Bryen Hill, and the Macfarlane Ferguson firm from participating in the charging lien litigation,[2] and (2) to bar and exclude from use in the charging lien litigation of Barry A. Cohen, P.A. emails obtained without authorization.

## FACTS

In Vinca's Amended Response to Notice of Attorneys' Charging Lien (Doc. 172), Vinca argues that Former Counsel's fee should be reduced because "Former Counsel committed

---

[1] This amended version of the Motion To Disqualify Noel McDonell, Hill and Macfarlane attaches the Dying Declaration of Barry A. Cohen that was referred to in the original version filed on April 8, 2019 but inadvertently not filed with the original motion. There are no other changes to the original motion.

[2] Former Counsel are not seeking to disqualify McDonell, Hill or Macfarlane Ferguson from signing the settlement agreement which resulted from the first mediation held before Magistrate Judge Sansone on March 12, 2019.  That mediation and resulting settlement agreement did not involve Vinca counsel's use of Barry A. Cohen, P.A. emails obtained without authorization and provided to the Florida Bar.

malpractice and malfeasance by employing the services of [Domenic] Massari throughout the underlying litigation"[3] and in support of that allegation states that Massari "was actively involved in all aspects of running the Cohen practice, including giving legal counsel before and during mediation, and in attempts to settle this matter with the subsequent-filed relators." Doc. 172 at 17. This claim is based on stolen privileged and confidential emails and documents of the Cohen Firm improperly obtained, refused to be returned on demand, and used to an informational advantage here and in state court in violation of Florida substantive and ethics laws.

McDonell and Hill then refer this Court to and request that this Court have an ex parte communication with the attorney investigator for the Florida Bar, Troy Lovell, Esq. They say Mr. Lovell has advised the undersigned that he is willing to elucidate for the Court the Bar's position and has authorized counsel to provide this Court with his contact information should the Court wish to speak to him directly." *Id.* at 21.  McDonell and Hill then provide a telephone number at which they said Lovell "may be reached directly." *Id.* at no.8.

On February 26, 2019, Ms. McDonell advised Circuit Judge Paul Huey that she had provided 99 pages of internal and confidential emails that are the property of the Barry A. Cohen, P.A. law firm to the Florida Bar. Some of these emails are protected by the attorney-client privilege, and the rest are confidential (except a couple dealing with Vinca) **Exhibit 1**. Twenty-three pages of those privileged and confidential emails were attached to a complaint McDonell filed with the Florida Bar on September 11, 2018 against Domenic Massari, who worked, at times, for Barry Cohen as a business consultant and law clerk under his direct supervision at all times.

---

[3] Vinca is well aware that Massari had no involvement in the drafting or filing of the complaint, and the prosecution of the case for Vinca and did nothing at all on the case for the first six years until after the case had been settled by the Government. Mr. Massari only assisted in the mediations in 2016 and 2017 in a non-legal capacity. See attached Dying Declaration of Barry A. Cohen.

**Exhibit 2**.[4]   Many were sent to Barry Cohen and concern confidential communications requesting Barry Cohen's financial condition.  Many concern client matters other than Vinca. Others concern internal discussion within the Cohen Firm of potential settlement scenarios in this case vis-a-vis the other relators.  All of these email strings provided Vinca and his current counsel with a very significant informational advantage that they otherwise would not have had concerning how to prove up their allegation that Domenic Massari "was actively involved in all aspects of running the Cohen practice, including giving legal counsel before and during mediation, and in attempts to settle this matter with the subsequent-filed relators."[5]

The twenty-three pages of internal and confidential emails provided by McDonell, Hill and Macfarlane Ferguson also include (1) an email string containing an attorney-client privileged communication from and to a client on a litigation case completely unrelated to the Vinca/Sweeney case and the Shire FCA litigation; (2) an email string containing attorney-client privileged correspondence from a lawyer at the Smith Tozian firm concerning a Florida Bar matter completely unrelated to the Vinca/Sweeney case and the Shire FCA litigation; and (3) an email string with Barry Cohen and Mr. Cohen's children concerning preparations for closing the Cohen firm due to Barry Cohen's leukemia; and (4) an email string with mediator Steve Altman, who conducted the all-relator mediation in this case in October 2017 as ordered by the district court. The use of these emails, including ones between Cohen and his Bar lawyers, is nothing short of outrageous on its face.

---

[4] In order to maintain the confidential and privileged nature of these internal Cohen, P.A. emails, Former Counsel has filed a companion motion seeking leave to file **Exhibit 2** under seal.

[5] Judge Huey ordered that McDonell, Hill and Macfarlane Ferguson provide him with all copies of the Cohen, P.A. emails provided to the Florida Bar and McDonell represented to Judge Huey at the February 26, 2019 hearing that she and Macfarlane Ferguson have complied with this order.

On January 10, 2019, attorney Kevin Cohen, son of Barry Cohen, mailed a letter to Andrew Brown, the managing partner of Macfarlane Ferguson, demanding return of the Cohen, P.A. emails which McDonell and Hill had obtained and disclosed to the Florida Bar. In this letter, Kevin Cohen advised Brown that "[n]o one with rightful authority authorized the release of these documents, and possession of these materials may violate both civil and criminal statutes and Florida Bar Rules of Professional Conduct." **Exhibit 3**. On January 29, 2019, Brown responded to Kevin Cohen's request. **Exhibit 4**. Neither Brown nor anyone else at Macfarlane Ferguson ever returned the Cohen, P.A. emails which McDonell and Hill had somehow obtained without authorization.

At the February 26, 2019 hearing, Ms. McDonell told Judge Huey that the Cohen, P.A. emails provided to the Florida Bar were "documents which the Cohen firm has abandoned nine months ago …." **Exhibit 5**. Judge Huey then asked "So how do you say they were abandoned?" *Id.* Ms. McDonell responded "Those documents have been not monitored by Mr. Cohen's firm since the firm was — as noticed in the newspaper, since the firm was shut down last February [2018]." *Id.* Judge Huey then stated: "Not monitored by the firm. One could be left with the impression of understanding that statement like the doors to the office were unlocked and the winds were blowing through and these documents just drifted everywhere, which my guess is not the picture that you intended to put in my mind." *Id.*

## APPLICABLE LAW

"Federal courts have applied Florida law to issues of attorney disqualification. *See, e.g., Woods v. Covington Cty. Bank,* 537 F.2d 804, 810 (5th Cir. 1976); *In re Banco Santos, S.A. v. Esparto Santo Bank,* 2014 WL 5655025, at *15-17 (S.D. Fla., Oct. 31, 2014); *Bedoya v. Aventura Limousine & Transp. Serv., Inc.,* 861 F.Supp.2d 1346, 1350 (S.D. Fla. 2012). Because counsel in

the present case are members of the Florida Bar, application of Florida law is appropriate." *Walker v. GEICO Indemnity Company,* 2016 WL 11234453, *2 n.3 (M.D. Fla., September 13, 2016).

In determining the standard to be used for disqualification, the Court must consider whether Vinca's counsel's obtaining and possession of the Cohen, P.A. emails was intentional or inadvertent. If Vinca's counsel obtained the Cohen, P.A. emails intentionally then disqualification is mandatory. *Henriquez v. Temple,* 668 So.2d 638, 639 (Fla. 3rd DCA 1996) (disqualification required where lawyer surreptitiously obtained documents subject to in camera review); *Rentclub, Inc. v. Transamerica Rental and Finance Corp.,* 811 F.Supp. 651, 654 (M.D. Fla. 1992) (disqualification required where lawyer induced former employee of adverse party to provide privileged and private information).

If Vinca's counsel obtained the Cohen, P.A. emails inadvertently, the Court has "[t]o determine whether an unfair informational advantage was obtained" by considering "the content of what was disclosed; the extent the information was 'reviewed, copied, or disseminated'' and 'the actions of the receiving attorneys' upon obtaining the privileged or protected information." *Walker v. GEICO Indemnity Co.,* 2017 WL 1174234, *10 (M.D. Fla., March 30, 2017). A party seeking disqualification of counsel based on receipt of privileged or confidential documents is "not required to demonstrate specific prejudice in order to justify disqualification." *Abamar Housing and Development, Inc. v. Lisa Daly Lady Decor, Inc.,* 724 So.2d 572, 573 (Fla. 3rd DCA 1998); *Walker, supra,* 2017 WL 1174234 at *10. Rather, disqualification is warranted merely if "there is a 'possibility' that the receiving party has obtained an 'unfair' 'informational advantage.'" *Moriber v. Dreiling,* 95 So.3d 449, 454 (Fla. 3rd DCA 2012); *Abamar, supra,* 724 So.2d at 574; *Walker, supra,* 2017 WL 1174234 at *10; *General Accident Insurance Co. v. Borg-Warner Acceptance Corp.,* 483 So.2d 505, 506 (Fla. 4th DCA 1986).

"[A]n attorney who receives confidential documents of an adversary as a result of an inadvertent release is ethically obligated to promptly notify the sender of the attorney's receipt of the documents." *Abamar Housing and Development, Inc., v. Lisa Daly Decor, Inc.,* 698 So.2d 276, 279 (Fla. 3rd DCA 1997), *quoting* Florida Bar Comm. on Professional Ethics, Op. 93-3 (Feb. 1, 1994). An attorney's ethical obligations also apply to documents that are intentionally obtained. "[W]hen an attorney receives confidential documents he or she knows or reasonably should know were wrongfully obtained by his client, he or she is ethically obligated to advise the client that the materials cannot be retained, received, or used without first informing the opposing party that the attorney and/or client have the documents at issue." *Castellano v. Winthrop,* 27 So.3d 134, 137 (Fla. 5th DCA 2010), citing Florida Bar Comm. on Professional Ethics, Op. 07-1. In addition, "[t]he attorney may also be required to advise his client to consult a criminal defense attorney." *Id.* at 137 n.5.

**ARGUMENT**

Ms. McDonell's statements at the February 26, 2019 hearing before Judge Huey clearly demonstrate that her possession and use of the Cohen, P.A. emails was not inadvertent. McDonell could have claimed some form of inadvertent receipt, but she did not. Instead, McDonell told an incredulous Judge Huey that she had intentionally obtained possession of internal Cohen, P.A. emails, some of which are attorney-client privileged, when these emails were somehow "abandoned." Because McDonell has admitted that her possession and use of the Cohen, P.A. emails was not inadvertent, her disqualification and that of her firm is mandatory. *Henriquez, supra*; *Rentclub, supra*.

Moreover, the Managing Partner of Macfarlane Ferguson deliberately refused to return the stolen Cohen, P.A. emails despite Kevin Cohen's request on behalf of the Cohen Firm. Macfarlane

6

Ferguson's blatant refusal to return the stolen Cohen, P.A. emails upon request is irrefutable evidence that Macfarlane has obtained an unfair informational and tactical advantage from possessing and using these emails, thereby justifying disqualification. *Abamar Housing and Development, Inc. v. Lisa Daly Lady Decor, Inc.,* 724 So.2d 572, 574 (Fla. 3rd DCA 1998); *Castellano, supra,* 27 So.3rd at 137; *Marcus & Marcus, P.A. v. Sinclair,* 731 So.2d 845, 847 (Fla. 1999).

In addition, McDonell, Hill and their firm actually gained an unfair informational advantage in at least three ways by acquiring confidential internal Cohen, P.A. emails to support their claimed quantum meruit reduction for unlicensed practice of law (UPL) malpractice. First, McDonell and Hill acquired knowledge from those emails which cannot be erased from their minds and which they can use to form deposition questions, interrogatories, and requests for admission. Second, McDonell and Hill provided those stolen emails to the Florida Bar in an effort to get the Florida Bar to make a UPL finding to support their UPL allegation. Third, McDonell and Hill encouraged the district court to directly contact the Florida Bar investigator who had received and reviewed the stolen Cohen, P.A. emails that McDonell sent to him along with her Bar Complaint so that the district court could either obtain the stolen Cohen P.A. emails from the Bar investigator, or else have the Bar investigator describe the stolen emails.

The *Castellano* case is directly on point. In *Castellano*, a wife gained possession of a USB flash drive containing electronic attorney/client privileged and confidential business information belonging to her husband and then provided these electronic files to her attorneys. The court stated that although the manner of the wife's obtaining possession of the electronic files was suspicious, this did not matter because the electronic files had been obtained and provided to her lawyers without the husband's consent. When the husband demanded return of the electronic files, the

wife's attorneys refused and instead used information from those electronic files in court filings in the pending child custody proceedings. The trial court held that the suspicious manner of obtaining the husband's files, the refusal to return them, and the use of them *per se* constituted an informational and tactical advantage requiring disqualification of the wife's lawyers and ancillary relief, including: a) the Court file being sealed; b) the electronic files and any copies thereof being immediately returned to the husband; c) the wife and her lawyers removing from their computers all of the father's confidential information, and making their computers available to confirm the deletion by third-party inspection at the wife's cost; d) the wife and her attorneys providing an affidavit of all persons who had been provided the husband's confidential and privileged information and indemnifying the father from any damages he might suffer from the improper use thereof; and e) enjoining the wife from using any information in the electronic files.

On appeal, the wife argued that the ancillary remedies ordered by the trial court were sufficient to resolve any problems and that disqualification of her attorneys was too severe. The Fifth DCA disagreed, affirmed the trial court's disqualification, and approved the ancillary remedies. It held that where an informational or tactical advantage is shown, disqualification is proper. It further held that when receiving privileged or confidential information of an opposing party, counsel is ethically and legally duty bound to inform the opposing party, return the information, not use it and, if it came from a client, advise the client to consult with a criminal attorney. The 5th DCA decision affirming disqualification is consistent with uniform decisions by other courts considering the facts presented in this case.[6] There is no question that under Florida

---

[6] *Abamar Housing and Development, Inc. v. Lisa Daly Lady Décor, Inc.,* 698 So.2d 276 (Fla. 3rd DCA 1997) and 724 So.2d 572 (Fla. 3rd DCA 1998) (where counsel refused to surrender privileged documents after demand and used them in a deposition, disqualification was mandatory); *Atlas Air, Inc. v. Greenberg Traurig, P.A.,* 997 So. 2d 1117, 1118 (Fla. 3d DCA 2008) (no remedy short of disqualification of entire firm is proper where counsel reviewed privileged documents, copied 17 pages of privileged documents, and made notes on them); *Rentclub, Inc, v. Transamerica Rental and Finance Corp.,* 811 F. Supp. 651, 654 (M.D. Fla. 1992) (disqualification required where lawyer induced former employee of adverse party to provide privileged and private information)

precedent, McDonell and Hill must be disqualified, along with all attorneys in Macfarlane Ferguson. *Atlas Air, Inc. v. Greenberg Traurig, et al.,* 997 So. 2d 1117, 1118 (Fla. 3d DCA 2008) ("Disqualification of the firm as a whole is therefore required" when law firm's analysis of privileged documents inadvertently produced gave it an unfair informational advantage.)

In short, "all of the requirements for disqualification are met" here because "[t]he contents of the protected information is highly impactful" as proof of Vinca's alleged UPL quantum meruit reduction claim; because "[t]his information was extensively reviewed, copied, discussed, and disseminated" by Macfarlane Ferguson including to the Florida Bar; and because "the actions of the [Macfarlane] firm upon receipt and notification of the privileged information" of refusing to return the stolen Cohen, P.A. emails "certainly weigh in favor of disqualification." *Walker, supra,* 2017 WL 1174234 at *12.

## CONCLUSION AND RELIEF REQUESTED

Based on the foregoing, undersigned counsel requests this Court (1) disqualify Noel McDonell, Bryen Hill, and the Macfarlane Ferguson firm from participating in the charging lien litigation, and (2) bar and exclude from use in the charging lien litigation Barry A. Cohen, P.A. emails obtained without authorization.[7]

Respectfully submitted,

*/s/ Kevin J. Darken*
Kevin J. Darken
Florida Bar No. 0090956
kdarken@kevindarken.com
iward@kevindarken.com
Kevin J. Darken Law Group, LLC
332 S. Plant Avenue

---

[7] *See Cox v. World Pay US, Inc.,* 2013 WL 12309384, *5 (M.D. Fla., December 12, 2013) (McCoun, MJ) (applying exclusionary remedy); *Castellano v. Winthrop,* 27 So.3d 134, 136-37 (Fla. 5th DCA 2010) (enjoining wife from using any information from the electronic files belonging to husband).

Tampa, FL 33606
Phone (813) 513-4913
Attorney for Relator Jennifer Sweeney
Former Counsel to Brian Vinca

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel conferred with Plaintiff's counsel Noel McDonnel and Bryen Hill in a good faith effort to resolve the issues raised by this Motion on April 4, 2019 by telephone conference call. Counsel for Plaintiff did not agree to the relief sought in the motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of April 2019, a true and correct copy of the foregoing has been furnished by CM/ECF to counsel of record.

*/s/ Kevin J. Darken*_____
Kevin J. Darken