UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
ex rel. BRIAN VINCA and
JENNIFER STAUP SWEENEY            Case No. 8:11-CV-176-T30AEP

    Plaintiffs

v.

ADVANCED BIOHEALING, INC.

    Defendant.
_____/

**<u>CHARGING LIEN OF KEVIN J. DARKEN OF
KEVIN J. DARKEN LAW GROUP, LLC AS TO THE 40 PERCENT
ATTORNEY FEE PORTION OF RELATOR
JENNIFER SWEENEY'S RELATOR SHARE AWARD</u>**

    Kevin J. Darken of Kevin J. Darken Law Group, LLC files this Charging Lien as to the 40 percent attorney fee portion of Relator Jennifer Sweeney's relator share award and states in support thereof:

1. Undersigned counsel was hired by Barry A. Cohen, P.A. and Counsel Financial Services, LLC , Barry A. Cohen, P.A.'s lender, pursuant to the contingent fee contract attached as **Exhibit 1**, to take over the *Vinca/Sweeney* FCA case.[1]  Under this contract, Counsel Financial "fully

---

[1] The contingent fee contract attached as **Exhibit 1** is consistent with numerous other 50/50 contingent fee contracts Counsel Financial executed with other lawyers to take over other cases of Barry A. Cohen, P.A. which Barry Cohen could not finish due to his illness and ultimate death.  The contingent fee contract attached as **Exhibit 1** was executed by Counsel Financial two months after undersigned counsel emailed Counsel Financial's General Counsel Joseph Kasouf the initial brief filed by Relator Montecalvo in the Eleventh Circuit.  **Exhibit 2** (email from Kevin Darken to Joseph Kasouf on August 30, 2018 attached Montecalvo initial appeal brief); **Exhibit 3** (Montecalvo initial brief emailed to Joseph Kasouf).  Joseph Kasouf replied to undersigned counsel on the following day, August 31, 2018, thanking undersigned counsel for sending him the Montecalvo brief.  **Exhibit 4** (August 31, 2018 email from Joseph Kasouf to Kevin Darken).  The Montecalvo brief clearly lays out Shire's settlement amount, Judge Moody's allocation order, and the various issues on appeal at that time.

released and extinguished its lien" on 50 percent of Barry Cohen, P.A.'s fee from the *Vinca/Sweeney* case; agreed that "such fee is the sole property of" Kevin J. Darken Law Group, LLC; and agreed that Counsel Financial "shall make no claim against nor prevent any disbursement to or by [Kevin J. Darken Law Group, LLC] of his 50% interest in any fee."

2. Undersigned counsel has been performing, and continues to perform, under the contingent fee contract attached as **Exhibit 1** since early November 2018. The contingent fee contract attached as **Exhibit 1** constitutes a charging lien on behalf of Kevin Darken of Kevin J. Darken Law Group, LLC.

3. As undersigned counsel advised Magistrate Judge Porcelli at the May 13, 2019 hearing, undersigned counsel continues to seek to be paid for his services based on the contingent fee contract attached as **Exhibit 1**. May 13, 2019 hearing transcript attached as **Exhibit 5**.

4. If, but only if, the contingent fee contract attached as **Exhibit 1** were somehow to be invalidated or set aside, which should not occur, then Kevin J. Darken of Kevin J. Darken Law Group, LLC seeks to enforce an independent charging lien on the relator share award of Relator Jennifer Sweeney.

5. This charging lien is being filed now because Counsel Financial filed an emergency motion in state court on May 23, 2019 effectively seeking to take 100 percent of Barry A. Cohen, P.A.'s interest in the charging lien in violation of the contingent fee contract attached as **Exhibit 1**. Plaintiff/Judgment Creditor, Counsel Financial Services, LLC's Emergency Motion To Initiate Proceedings Supplementary And For the Appointment Of A Receiver, Case No. 19-CA-00740, Counsel Financial Services, LLC v. Barry A. Cohen P.A. (Hillsborough County Civil Division).

6. This charging lien is filed timely because payment has not yet been made by the Registry of Court pursuant to Judge Moody's disbursement order dated May 20, 2019.

7. Undersigned counsel ceased being employed by Barry A. Cohen, P.A. at the end of December 2017 when he stopped being paid as an employee of Barry A. Cohen, P.A. and when he opened Kevin J. Darken Law Group, LLC.

8. Undersigned counsel performed numerous services for Relator Jennifer Sweeney after the end of December 2017 including, for example, serving as lead counsel in two sets of mediations involving Eleventh Circuit Mediator Beth Greenfield-Mandler; drafting an appellate brief for Ms. Sweeney responding to three initial briefs filed by Relators Medolla, Petty, and Montecalvo in the Eleventh Circuit; filing a Notice of No Settlement with the Eleventh Circuit seeking resumption of the appeal process in order to protect Ms. Sweeney's relator share award from any claims of Relator Vinca; responding to Relator Vinca's motion for limited remand in the Eleventh Circuit; and mediating an agreed settlement with Relator Vinca under which Vinca and Vinca's counsel agreed to not make any further claim to any portion of Ms. Sweeney's relator share award, which also benefited Counsel Financial.

9. Undersigned counsel filed a notice of appearance for Jennifer Sweeney under Kevin J. Darken of Kevin J. Darken Law Group, LLC in the Eleventh Circuit case on March 2, 2018 and in this case on May 22, 2018.

10. Undersigned counsel has filed the following docket entries for Jennifer Sweeney under Kevin J. Darken of Kevin J. Darken Law Group, LLC:

- Doc 186: Motion to Allow Electronic Equipment;
- Doc 188: Amended Motion to Allow Electronic Equipment;
- Doc 193: Former Counsel's Response In Opposition To Relator Brian Vinca's Motion To Be Excused From Attending Mediation In Person;
- Doc 194: Motion To Allow Electronic Equipment;

- Doc 199: Former Vinca Counsel's Motion To Disqualify Noel McDonell, Bryen Hill, And The MacFarlane Ferguson Firm From Participating In The Charging Lien Litigation And To Bar Use Of Barry A. Cohen, P.A., Emails Obtained Without Authorization And Provided To The Florida Bar;

- Doc 200: Former Vinca Counsel's Motion To Seal Exhibit 2 To Former Counsel's Motion To Disqualify Noel McDonell, Bryen Hill, And Macfarlane Ferguson From The Charging Lien Litigation Pursuant To Fla.R.Jud.Admin. 2.420(c)(3)(B), Fla.R.Jud.Admin. 2.420(c)(7) And (c)(8), The Attorney Work Product Doctrine, The Florida Mediation Privilege, And Local Rule 9.07(b) And Incorporated Memorandum Of Law;

- Doc 201: Former Vinca Counsel's Updated Local Rule 3.01(g) Statement To Motion To Seal Exhibit 2 To Former Counsel's Motion To Disqualify Noel McDonell, Bryen Hill, And Macfarlane Ferguson From The Charging Lien Litigation Pursuant To Fla.R.Jud.Admin. 2.420(c)(3)(B), Fla.R.Jud.Admin. 2.420(c)(7) And (c)(8), The Attorney Work Product Doctrine, The Florida Mediation Privilege, And Local Rule 9.07(b) (Doc. 199) And Incorporated Memorandum Of Law;

- Doc 202: Former Vinca Counsel's Amended Motion To Disqualify Noel McDonell, Bryen Hill, And The Macfarlane Ferguson Firm From Particpating In The Charging Lien Litigation And To Bar Use Of Barry A. Cohen, P.A. Emails Obtained Without Authorization And Provided To The Florida Bar;

- Doc 210: Former Vinca Counsel's Emergency Motion To Amend Order Dated April 24, 2019 (Doc. 207) And Incorporated Memorandum Of Law.

11. Undersigned counsel served as the lead counsel for Jennifer Sweeney as Kevin J. Darken

4

of Kevin J. Darken Law Group, LLC in the mediations between Brian Vinca and Jennifer Sweeney held on March 12, 2019 and April 9, 2019 before Magistrate Judge Sansone.

## **MEMORANDUM OF LAW**

"To impose [a valid charging lien], the attorney must show: (1) an express or implied contract between attorney and client; (2) an express or implied understanding for payment of attorney's fees out of the recovery; (3) either an avoidance of payment or a dispute as to the amount of fees; and (4) timely notice." *Daniel Mones, P.A. v. Smith,* 486 So.2d 559, 561 (Fla. 1986).

A charging lien is "an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit." *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom,* 428 So.2d 1383, 1384 (Fla. 1983).

"As *Sinclair, Louis* tells us, the requirements for the imposition of a charging lien are few and simple. There must be an agreement — written or oral, express or implied—between the attorney and the client that the attorney will proceed with the suit and that he will be paid for his services. The fees agreed upon may be based on a percentage of any monetary recovery [citation omitted], or may be contingent upon recovery [citation omitted], or there may be no agreement as to the amount of the fee or its source, *Scott v. Kirtley,* 152 So. 721, in which case the court may determine a reasonable fee." *Lipman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A.,* 517 So.2d 88, 92 (Fla. 3rd DCA 1987).

The Florida Supreme Court long ago held that "[i]t is well established that where one employs an attorney to perform legal services, whether in a regular court procedure or otherwise, and there is not, at the time of such employment nor subsequent thereto, an express agreement between the parties as to the amount the attorney is to be paid for his services, the law under such

5

conditions and circumstances, implies a contract upon the part of one employing such attorney, to pay him a reasonable compensation for his services." *Lamoureux v. Lamoureux,* 59 So.2d 9, 12 (Fla. 1951), *cited in Ciarfella v. Ciarfella,* 520 So.2d 331, 332 (Fla. 4th DCA 1988) (awarding attorney's fees to former wife's lawyer even though "there was no express contract for attorney's fees in this case" where the lawyer was employed to represent the former wife in a child support modification proceeding and the lawyer performed "valuable services on her behalf"). *See also F.L. Stitt & Co. v. Powell,* 94 Fla. 550, 556 (Fla. 1927) (implying a contract to pay a lawyer a reasonable attorney's fee where "the defendant employed the plaintiff as its attorney and used his services for several months, in its negotiations for the purchase of and securing legal title to the purchase of and securing a legal title to the property for a very substantial profit").

When the law implies a contract to pay a lawyer a reasonable attorney's fee, "money matters are taken into consideration, one of which is the result secured through the services of such attorney." *Id.* In such circumstances, "the beneficial results to the client of the attorney's services are proper to consider." *Id.* at 557.

"A summary proceeding in the original action represents the preferred method of enforcing an attorney's charging lien in Florida." *Daniel Mones, P.A. v. Smith,* 486 So.2d 559, 561 (Fla. 1986); *Sinclair, Louis, supra,* 428 So.2d at 1385; *Dowda & Fields, P.A. v. Cobb,* 452 So.2d 1140, 1143 (Fla. 5th DCA 1984). "It is further consistent with law that an attorney's lien in a case like this be enforced in the proceeding where it arose. The parties are before the court, the subject matter is there, and there is no reason whatsoever why they should be relegated to another forum to settle the controversy." *CK Regalia, LLC v. Thornton,* 159 So.3d 358, 361 (Fla. 3rd DCA 2015), *quoting In re Warner's Estate,* 35 So.2d 296, 298-99 (Fla. 1948).

"If, then, the attorney has obtained a favorable judgment or settlement for the client which results in what the law recognizes as proceeds, the attorney has merely to assert timely a claim of lien in the case to become entitled to a determination by the court, sitting without a jury, of the amount of attorney's fees due." *Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A.,* 517 So.2d 88, 93 (Fla. 3rd DCA 1987).

## ARGUMENT

Here, Kevin Darken of Kevin J. Darken Law Group, LLC performed valuable services for Relator Jennifer Sweeney between January 2018 and May 2019 when he was no longer an employee of Barry A. Cohen, P.A. If, but only if, Kevin Darken is not paid pursuant to the contingent fee contract attached as **Exhibit 1**, which constitutes a charging lien on behalf of Kevin Darken of Kevin J. Darken Law Group, LLC, then Kevin Darken must be paid a reasonable fee determined by the Court for at least services provided to Jennifer Sweeney through Kevin J. Darken Law Group, LLC between January 2018 and May 2019.[2]

    Respectfully submitted,

    */s/ Kevin J. Darken*
    Kevin J. Darken
    Fl Bar No. 090956
    Kevin J. Darken Law Group, LLC
    332 South Plant Avenue
    Tampa, FL 33606
    kdarken@kevindarken.com
    (813) 513-4913

---

[2] As regards work performed for Jennifer Sweeney by Kevin Darken while an employee of Barry A. Cohen, P.A., undersigned counsel adopts the argument made in paragraph 5 of Doc. 167 ("Notice of Attorneys' Charging Liens by Barry A. Cohen, P.A., Saady & Saxe, P.A., and Kevin J. Darken") which states: "Pursuant to an internal compensation arrangement, which began when Mr. Darken started filing FCA cases for the Cohen Firm in 2004, Mr. Darken was granted an individual interest in and ownership of an agreed percentage of fees that the Cohen Firm was due in FCA cases filed and prosecuted by Darken. This internal compensation arrangement and Darken's interest in and ownership of FCA fees applied to the *Vinca/Sweeney* case. This internal compensation arrangement gives Darken the right to file his independent charging lien in this case. *Barwick, Dillian & Lambert, P.A. v. Ewing,* 646 So.2d 776, 779-80 (Fla. 3rd DCA 1994); *Travelers Property Casualty Company of America v. Paramount Lake Eola, L.P.,* 2010 WL 2977981, *5 (M.D. Fla., June 21, 2010) (*citing Ewing*) ("although Ewing individually was not a party to the contract between the Barwick firm and the client, she was protected by the contract").

7

(813) 513-4948 Fax

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of May 2019, a true and correct copy of the foregoing *Charging Lien Of Kevin J. Darken Of Kevin J. Darken Law Group, LLC As To The 40 Percent Attorney Fee Portion Of Relator Jennifer Sweeney's Relator Share Award* has been furnished by CM/ECF to all counsel of record and by email to Greg Brown of Hill Ward Henderson (Counsel for Counsel Financial Services, LLC) at greg.brown@hwhlaw.com..

                                        */s/ Kevin J. Darken*_____
                                        Kevin J. Darken