UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
*ex rel.* BRIAN VINCA and
JENNIFER STAUP SWEENEY,

       Plaintiffs,

v.                                         Case No. 8:11-cv-176-JSM-AEP

ADVANCED BIOHEALING, INC.,

       Defendant.
_____/

## ORDER

This cause comes before the Court on Barry A. Cohen, P.A.'s ("Cohen Firm") Emergency Motion for Clarification of Report and Recommendation ("Motion") (Doc. 497) and Relator Brian Vinca's ("Vinca") Response to the Motion and Request for Sanctions ("Response") (Doc. 498). On November 29, 2021, the undersigned entered a Report and Recommendation recommending that Former Counsel's[1] charging liens be recognized and enforced to the extent that Former Counsel be allotted a *quantum meruit* award in the amount of $6,128,500 (Doc. 495). As, the Motion correctly states, the Report and Recommendation (Doc. 495) is silent as to the distribution of any accrued prejudgment interest, and the Cohen Firm requests an urgent clarification on the matter so that the parties may, if necessary, timely address the issue in an objection for the district judge's consideration. For

---

[1] Former Counsel includes the Cohen Firm and Saady & Saxe, P.A.

the following reasons, the undersigned finds the Motion is due to be granted and that the Report and Recommendation (Doc. 495) be supplemented by this Order as provided below.

Vinca essentially asserts that Former Counsel is not entitled to any accrued prejudgment interest until an Order determining entitlement to attorney's fees is signed by a district judge in this matter (Doc. 498, at 3-4) (citing *Quality Engineered Installation, Inc. v. Higley South, Inc.,* 670 So. 2d 929 (Fla. 1996); *Bremshey v. Morrison,* 621 So. 2d 717 (Fla. 5th DCA 1993); and *Arabia v. Siedlecki*, 789 So. 2d 380 (Fla. 4th DCA 2001)). However, as Vinca recognizes in his Response, interest does not solely accrue based upon a court determination, rather "interest [may accrue] from the date the entitlement to attorney fees is fixed through *agreement, arbitration award, or court determination*, even though the amount of the award has not yet been determined." *Quality Engineered Installation,* 670 So. 2d at 931 (emphasis added).

Here, the issue regarding prejudgment interest on attorney's fees revolves around a *quantum meruit* determination based upon an underlying attorney-client contractual *agreement* between Vinca and Former Counsel. Notably, two of the three cases relied upon by Vinca, *Quality Engineered Installation* and *Bremshey,* are factually dissimilar, as the attorney's fees in those cases were owing based upon a prevailing party award and not an attorney-client contractual agreement. In *Quality Engineered Installation* the court examined when interest on attorney's fees began to accrue for a prevailing party after receiving an *arbitration award*. *See Quality Engineered Installation,* 670 So. 2d at 930. While in *Bremshey*, the court examined when interest

on attorney's fees began to accrue for a prevailing party upon a *court determination* that the opposing party failed to raise a justiciable issue of law or fact pursuant to Section 57.105, Florida Statutes (1989). *See Bremshey,* 621 So. 2d at 717. However, the third case cited by Vinca, *Arabia*, does discuss accrued prejudgment interest in relation to a *quantum meruit* award and is instructive on the instant matter. *See Arabia*, 789 So. 2d at 384.

In *Arabia*, the court held that "[b]y tendering payment . . . an owing party can protect itself against owing great amounts of interest caused by delay in determining the amount of fees owed." *Id*. Implicit in the *Arabia* court's ruling is a finding that based upon the underlying retainer agreement, interest began to accrue on the attorney's fees when the former client received a recovery in the form of a monetary payment from the defendant in the underlying litigation. Such a finding is evident given that the *Arabia* court concluded that prejudgment interests on the attorney's fees needed to be recalculated given that the client tendered to former counsel a check for $223,835.59 upon receiving a payment from the defendant in the underlying litigation and "interest ceases to accrue on amounts of attorney fees up to the amount for which an actual tender of payment is made." *Id*. Thus, it appears, even in the context of a *quantum meruit* determination, that in an attorney-client contractual relationship, the underlying retainer agreement should control when entitlement to attorney's fees is triggered and that prejudgment interests should accrue for any unpaid attorney's fees after entitlement to the fees has been triggered. It seems logical that the retainer agreement should control when interest accrues,

otherwise, if a court determination was necessary on a disputed charging lien it could incentivize or reward a client to contest reimbursement of attorney's fees and obtain interest-free use of the money for an extended period of time. *See Quality Engineered Installation*, 670 So. 2d 929, 930 (Fla. 1996) (reasoning that using the date of entitlement as the date of accrual serves as a deterrent to the owing party from delaying payment of any amounts owed).

Here, the Retainer Agreement between Vinca and Former Counsel provides, in essence, that Vinca is obligated to pay attorney's fees upon any recovery (Doc. 491-1). Vinca obtained a recovery by the Court's Order on Joint Motion for Release of Funds in Court Registry ("Release of Funds Order") (Doc. 229). Notably, the Release of Funds Order distributed monies, as agreed upon by all parties, by which Vinca recovered $10,725,000 plus 12.41% of any accrued interest, while $7,150,000 plus 8.28% of any accrued interest was to remain in the Court Registry pending resolution of Former Counsel's charging liens (Doc. 229, at 2). Significantly, the parties agreed that any accrued interest in connection to the disputed attorney's fees under Former Counsel's charging liens shall remain in the Court Registry. As such, it appears that the parties understood that interest was accruing on the attorney's fees and could be payable to Former Counsel since Vinca obtained a recovery in the matter as contemplated by the Retainer Agreement.

Regardless, the Court need not specifically determine whether the terms of the Retainer Agreement control when interest began to accrue upon the attorney's fees, since, ultimately, the resolution of an attorney's charging lien is equitable in

nature. *See Nichols v. Kroelinger,* 46 So. 2d 722, 724 (Fla. 1950). Here, equity dictates that any interest accrued upon the $7,150,000 should be distributed commensurate to the principal amounts.

As detailed in the Report and Recommendation (Doc. 495), in consideration of an appropriate *quantum meruit* award, the undersigned ultimately recommended that 13% be reduced from the principal amount of $7,150,000 that is currently held in the Court Registry.[2] For the same reasons outlined in the Report and Recommendation (Doc. 495) any accrued prejudgment interest should also be reduced at the same rate of 13%. In other words, any accrued interest should be divided as 87% to Former Counsel and 13% to Vinca.

Accordingly, the Cohen Firm's Emergency Motion for Clarification of Report and Recommendation (Doc. 497) is **GRANTED** to the extent that the Report and Recommendation (Doc. 495) is hereby supplemented to include that any accrued interest should be divided commensurate to the principal sum in that 87% of the accrued interest should be allotted to Former Counsel and the remaining 13% to Vinca.

DONE AND ORDERED in Tampa, Florida, on this 6th day of December 2021.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:   Hon. Charlene Edwards Honeywell
      Counsel of Record

---

[2] An additional $92,000 was offset from the ultimate award given that $92,000 in statutory fees had been previously paid.