UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
*ex rel.* BRIAN VINCA and
JENNIFER STAUP SWEENEY,

      Plaintiffs,

v.                                    Case No. 8:11-cv-176-SCB-AEP

ADVANCED BIOHEALING, INC.,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the undersigned upon referral from United States District Judge Susan C. Bucklew to resolve how the funds from the Court registry should be distributed as a result of charging liens that Barry A. Cohen, PA ("Cohen Firm") and Saady & Saxe, PA ("Saady Firm"), (collectively "Former Counsel") asserted against their former client, Brian Vinca ("Vinca") (Doc. 523).

The undersigned issued a Report and Recommendation recommending that Former Counsel's charging liens be recognized and enforced to the extent that Former Counsel be awarded a *quantum meruit* award in the amount of $6,128,500.00 or 87% of the $7,150,000 principal amount being held in the Court registry (Doc. 495). The Cohen Firm filed a motion for clarification (Doc. 497), which Vinca opposed (Doc. 498), seeking clarification regarding distribution of the accrued interest held in the Court registry. The undersigned issued an Order, supplementing

the prior Report and Recommendation to include that in addition to the *quantum meruit* award, accrued interest held in the Court registry be awarded and divided commensurate to the principal sum such that 87% of the accrued interest be allotted to Former Counsel and 13% to Vinca (Doc. 501). The District Judge adopted the Report and Recommendation and awarded $6,128,500 to Former Counsel as a fair and reasonable *quantum meruit* award in satisfaction of Former Counsel's charging liens (Doc. 523, at 26). Additionally, the District Judge awarded 87% of the interest held in the Court registry to Former Counsel and 13% of the interest held in the Court registry to Vinca (Doc. 523, at 26).

After the District Judge referred to the undersigned the distribution of the Court registry funds, the undersigned held a hearing[1] during which the Court directed that if there was an agreement regarding the distribution of the funds then the Cohen Firm was directed to file a stipulation memorializing the agreement (Doc. 527). The Cohen Firm filed the stipulation (532), which Vinca opposed (Doc. 533), and the Cohen Firm filed a response to Vinca's opposition (Doc. 534). The undersigned held a hearing regarding the stipulation and distribution of funds which was attended by counsel for Former Counsel, Vinca, and non-party Counsel Financial Services, LLC (Doc. 537).

Counsel Financial Services, LLC previously filed a motion (Doc. 419) to intervene for the purpose of protecting its alleged interest in the Court registry funds,

---

[1] The hearing was scheduled on the Cohen Firm's motion for prejudgment interest (Doc. 523), which was later withdrawn (Doc. 530).

which the undersigned denied without prejudice with leave to refile if necessary (Doc. 494). That matter is now moot because Counsel Financial Services, LLC, the Cohen Firm, the Saady Firm and the Kevin J. Darken Law Group, LLC have come to agreement regarding the disbursement of funds awarded to Former Counsel from the Court registry (Doc. 532-1). Nonetheless, Vinca objects asserting that he has an interest or right in the disbursement structure of Former Counsel's *quantum meruit* award (Doc. 533). However, that is contrary to the Court's findings on the charging lien (*See* Docs 495 & 523). Although the *quantum meruit* award was awarded to Former Counsel, those parties are now asking that some funds be distributed directly to others. Vinca has failed to articulate why he has a right to dictate the disbursement of Formal Counsel's *quantum meruit* award or standing to object to its distribution, especially because Vinca did not appeal the Court's order awarding Formal Counsel a *quantum meruit* award. *See United States v. Five Hundred Thousand Dollars*, 730 F.2d 1437, 1440 (11th Cir. 1984) (holding that money changer who had no interest in the seized funds lacked standing to set aside default judgment), *Buckley Towers Condominium, Inc. v. QBE Insurance Corp.,* 2015 U.S. Dist. LEXIS 180652, *9 (S.D. Fla., April 1, 2015) ("Buckley never appealed this Court's Final Order or the Court's Order approving the B&P settlement. Buckley, therefore, has no standing to object to the disbursement of B&P's award …."), *affirmed*, 2015 U.S. Dist. LEXIS 188484 (S.D. Fla., June 8, 2015). The undersigned finds that given the circumstances of this case, such disbursement is appropriate upon the stipulated agreement filed by the Cohen Firm.

Accordingly, it is hereby

RECOMMENDED:

1. Pursuant to the Stipulation (Doc. 532-1), the undersigned recommends that the Clerk be directed to distribute the funds from the Court registry as follows:

    a. Twenty-five percent (25%) of the combined total of the $6,128,500.00 *quantum meruit* award ($1,532,125.00) and 25% of 87% of the total accrued interest be disbursed to Saady & Saxe, P.A., and made payable and mailed to Saady & Saxe, P.A., 360 Central Avenue, Suite 1160, St. Petersburg, Florida 33701.

    b. $62,000.00 be disbursed to Jennifer Sweeney, and made payable and mailed to Jennifer Sweeney, 2150 Milkey Rd, Saline, Michigan 48176.

    c. Fifty percent (50%) of the remaining balance ($4,534,375) of the *quantum meruit* award ($2,267,187.50) and 50% of the remaining balance of 87% of the total accrued interest be disbursed to Counsel Financial Services, LLC and made payable and mailed to Counsel Financial, Attn: Ryan Kagels, 500 Pearl Street, Suite 820, Buffalo, New York 14202; and the remaining balance of the *quantum meruit* award ($2,267,187.50) and the remaining balance of 87% of the total accrued interest be disbursed to Kevin J. Darken Law Group, and made payable and mailed to Kevin J. Darken Law Group, LLC Trust Account, 27515 Fordham Drive, Wesley Chapel, Florida 33544.

      d.      The remaining principal balance being held in the Court registry ($1,021,500) and 13% of the total accrued interest be disbursed to Brian Vinca, and made payable and mailed to McDonell, MacFarlane, Ferguson & McMullen, PA, 201 N Franklin St Ste 2000, Tampa, FL 33602.

IT IS SO REPORTED in Tampa, Florida, this 3rd day of June, 2022.

*[signature]*

ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc: Hon. Susan C. Bucklew
     Counsel of Record